UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SCOTT KAPLAN                                              CIVIL ACTION

VERSUS                                                    NO. 15-272

JANE KAPLAN                                               SECTION "R" (3)

REPORT AND RECOMMENDATION

*Pro se* plaintiff Scott Kaplan filed the above-captioned matter in this Court in which he sues his ex-wife. The parties divorced in Illinois in June 2009. In general, plaintiff asks the Court to order defendant to pay her half of the state-court debts repayment order and return to him all monies owed to him for her failure to comply with the divorce decree. Plaintiff asserts jurisdiction under the federal-question statutes, 28 U.S.C. §§ 1331 and 1343.

On January 30, 2015, the Court ordered Kaplan to show cause by Monday, March 2, 2015 as to why this case should not be summarily dismissed for lack of subject-matter jurisdiction and/or improper venue under 28 U.S.C. § 1915(e)(2)(B)(i-iii). Kaplan failed to respond to this Court's order.

28 U.S.C. § 1915(e)(2)(B) provides for summary dismissal *sua sponte*, should the Court determine that a case is frivolous. Section 1915(e)(2)(B) provides in pertinent part as follows:

1

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court **shall dismiss** the case at any time if the court determines that –
>
> * * *
>
> (B) the action or appeal –
> - (i) is frivolous or malicious;
> - (ii) fails to state a claim on which relief may be granted; or
> - (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B)(i)-(iii) (emphasis added). In plain language, Section 1915 requires dismissal if the Court is satisfied that the case fails to state a claim on which relief may be granted.[1]

The Court has permitted the plaintiff to proceed *in forma pauperis* in the instant proceeding under the provisions of 28 U.S.C. §1915(a). However, summons has not issued in order to allow the Court to review plaintiff's complaint to determine whether it satisfies the requirements of the federal *in forma pauperis* statute. On its face, plaintiff's complaint fails to meet the requirements of the statute. There exists no absolute right to proceed *in forma pauperis* in federal civil matters; instead, it is a privilege extended to those unable to pay filing fees *when it is apparent that the claims do not lack merit on their face*.[2]

Federal courts are courts of limited jurisdiction. "Subject matter jurisdiction may not be waived, and the district court 'shall dismiss the action' whenever 'it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter.'"[3] Kaplan premises

---

[1] *See Neitzke v. Williams,* 490 U.S. 319, 325 (1989) (noting that a claim is "frivolous" where it lacks an arguable basis either in law or in fact).

[2] *See Startii v. United States,* 415 F.2d 1115, 1116 (5th Cir.1969); *see also Adepegba v. Hammons,* 103 F.3d 383, 387 (5th Cir. 1996) (noting that the revocation of the privilege of proceeding in *forma pauperis* is not new).

[3] *Avitts v. Amoco Prod. Co.*, 53 F.3d 690, 693 (5th Cir.1995) (quoting Fed. R. Civ. P.

jurisdiction on Sections 1331 and 1343.  But a review of the complaint reveals that no federal question exists here.  Compliance with a state-court divorce decree and/or return of monies under said decree do not rise to the level of a federal question.

And while diversity jurisdiction may exist,[4] the domestic-relations exception to diversity of citizenship jurisdiction is a well-accepted doctrine that allows the federal courts to abstain from deciding cases that present intra-family disputes. *See Peterson v. Babbitt*, 708 F.2d 465, 466 (9th Cir. 1983) (per curiam); *Firestone v. Cleveland Trust Co.*, 654 F.2d 1212, 1215 (6th Cir. 1981); *see also Jagiella v. Jagiella*, 647 F.2d 561, 564 n. 11 (5th Cir. 1981) (noting debate over whether domestic relations exception to diversity jurisdiction results from policy of abstention or from lack of statutorily granted jurisdiction); *see generally* C. Wright, A. Miller & E. Cooper, Federal Practice & Procedure § 3609 (2d ed. 1984). As a general rule, the federal courts refuse to hear suits for "divorce and alimony, child custody actions, disputes over visitation rights, suits to establish paternity and to obtain child support, and actions to enforce separation or divorce decrees still subject to state court modification." *Crouch v. Crouch*, 566 F.2d 486, 487 (5th Cir. 1978) (citations omitted); *see* Note, *Application of the Federal Abstention Doctrines to the Domestic Relations Exception to Federal Diversity Jurisdiction*, 1983 Duke L.J. 1095, 1095 (1983). Not every case involving a dispute between present or former spouses, however, falls within the domestic-relations

---

[4]  12(h)(3)).
From the *in forma pauperis* application, it appears that plaintiff is a citizen of Louisiana. From the address on the summons, it appears that defendant is a citizen of Illinois.  This is not alleged in the complaint, however, as plaintiff grounds jurisdiction under 28 U.S.C. §§ 1331 and 1343.  It also appears that the damages may exceed $75,000.00, although some damages are unspecified.

exception. Thus, "[a] district court may not simply avoid all diversity cases having intrafamily aspects." *Cole v. Cole*, 633 F.2d 1083, 1088 (4th Cir. 1980); *see Peterson*, 708 F.2d at 466 ("[T]he domestic relations exception has been narrowly confined.") (citation omitted). Moreover, in close cases, the district court may not resolve by "technical appellation" the issue whether to exercise its jurisdiction. *See Jagiella*, 647 F.2d at 565. Rather, the court should "sift through the claims of the complaint to determine the true character of the dispute to be adjudicated," *Firestone*, 654 F.2d at 1216, keeping in mind the policies that support federal court abstention in domestic relations cases. *See Erspan v. Badgett*, 647 F.2d 550, 553 n.1 (5th Cir. 1981).

Here, Kaplan notes in his compliant that he has asked for a modification of the divorce decree as to marital and child support. He notes that this request is on appeal in an Illinois court of appeal. This is precisely the type of case that falls under the domestic-relations exception. *Crouch*, 566 F.2d at 487 ("As a general rule, the federal courts refuse to hear . . . actions to enforce separation or divorce decrees still subject to state court modification."). Accordingly, diversity jurisdiction is not present here as excepted.

Moreover, venue is not proper. Section 1391 provides that

> [a] civil action may be brought in--
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b)(1)-(3). Defendant is a citizen of Illinois, and it also appears as if her omissions

– *i.e.*, failure to comply with the divorce decree – occurred in Illinois. Thus, there is no evidence from the complaint that venue is proper in the Eastern District of Louisiana. While plaintiff resides here, that is not a consideration to determine venue under these factual circumstances.

Accordingly,

**IT IS RECOMMENDED** that plaintiff Scott Kaplan's complaint be DISMISSED WITHOUT PREJUDICE for lack of subject-matter jurisdiction and/or improper venue.

### NOTICE OF RIGHT TO OBJECT

Objections must be: (1) specific, (2) in writing, and (3) served within fourteen (14) days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 1(a), 6(b) and 72(b). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge; and (2) appellate review of the un-objected-to factual findings and legal conclusions accepted by the district court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 3rd day of March, 2015.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**